IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHERRIE HAMPTON-MUHAMED, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| vs. | : | |
| | : | 1:13-CV-3659-CC |
| JAMES B. NUTTER & COMPANY, et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

This matter is before the Court on the Final Report and Recommendation (the "R&R") [Doc. No. 37] issued by Magistrate Judge Linda T. Walker on February 20, 2015. In the R&R, Magistrate Judge Walker recommends that the Court: (1) grant the RRW Defendants'[1] Alternative Motion to Transfer Venue to the Middle District of Florida [Doc. No. 18]; (2) grant in part and deny in part Defendants James B. Nutter & Company, James B. Nutter, Jr., Keith Ward, Bruce Huey, and Al Pitzner's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim and/or for Lack of Personal Jurisdiction [Doc. No. 17]; and (3) deny without prejudice the remaining relief requested in the RRW Defendants' Motion to Dismiss [Doc. No. 18] with leave to refile in the Middle District of Florida.

On March 10, 2015, Plaintiff Sherrie Hampton-Muhamed filed a document entitled "Contract Owner and Holders Demand to Strike Pursuant to Rule 12, in the Nature of a Motion, Contract Execution and Enforcement Document of Record" [Doc. No. 39]. The Clerk's Office has construed the filing as a motion to strike the

---

[1] The "RRW Defendants" consist of Defendant Ronald R. Wolfe & Associates, P.L., a Florida law firm, and its individual current and former Florida attorneys, including Amanda Croteau, Ivan Ivanov, Julie Anthousis, Katherine Tilka, Matthew Marks, Matthew Wolf, Rhonda Lewis, Robert Schneider, Ronald R. Wolfe, Victoria Jones, Andrea D. Pidala, Brian Hummel, Sabrina Moravecky, Francis Hannon, Luis F. Ugaz, and John F. Phillips.

R&R. The Court also considers the filing to constitute Plaintiff's objections to the R&R.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and determine any non-dispositive pretrial motion pending before the court. With regard to dispositive motions, a magistrate judge may submit proposed findings of fact and recommendations. 28 U.S.C. § 636(b)(1)(B). "Although consent of the parties is required for a magistrate judge to enter judgment in a case, it is not required for actions taken under § 636(b)." United States v. Varnado, 447 F. App'x 48, 49-50 (11th Cir. 2011) (internal citations omitted).

After reviewing a magistrate judge's findings and recommendations submitted pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may accept, reject, or modify the findings or recommendations. 28 U.S.C. § 636(b)(1). A party challenging a report and recommendation must "file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Macort v. Prem, Inc., 208 F. App'x 781, 783 (11th Cir. 2006) (citation and internal quotation marks omitted); see also Fed. R. Civ. P. 72(b)(2). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." Id. "Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted). Those portions of a report and recommendation to which an objection has not been made are reviewed for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Court has carefully reviewed the R&R and Plaintiff's objections thereto. Plaintiff's primary objection is to the very authority of Magistrate Judge Walker to

take action in her case without Plaintiff's consent. As set forth above, however, Plaintiff's consent is not required for actions taken by Magistrate Judge Walker under § 636(b). See Varnado, 447 F. App'x at 49-50. The remainder of Plaintiff's objections are general in nature and, in many instances, incomprehensible. The objections lack the specificity necessary to trigger de novo review. See Leatherwood v. Anna's Linens Co., 384 F. App'x 853, 857 (11th Cir. 2010) (holding that district court did not err by reviewing de novo only those objections "that identified specific findings set forth in the R & R and articulated a legal ground for objection").

Having reviewed the R&R for plain error, the Court finds that Magistrate Judge Walker's R&R is correct both in fact and in law. The Court **OVERRULES** Plaintiff's general objections, **DENIES** all relief requested in Plaintiff's filing [Doc. No. 39], and **ADOPTS** the R&R in its entirety as the decision of this Court. For the reasons fully set forth in the R&R, the Court **GRANTS** the RRW Defendants' Alternative Motion to Transfer Venue to the Middle District of Florida [Doc. No. 18], **GRANTS in part and DENIES in part** Defendants James B. Nutter & Company, James B. Nutter, Jr., Keith Ward, Bruce Huey, and Al Pitzner's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim and/or for Lack of Personal Jurisdiction [Doc. No. 17], and **DENIES without prejudice** the remaining relief requested in the RRW Defendants' Motion to Dismiss [Doc. No. 18] with leave to refile in the Middle District of Florida.

Plaintiff's claims against James B. Nutter, Jr., Keith Ward, Bruce Huey, and Al Pitzner are hereby **DISMISSED without prejudice** for lack of personal jurisdiction. Plaintiff's claims under the FDCPA stemming purely from James B. Nutter & Company's prosecution of the Florida foreclosure proceedings are **DISMISSED** for failure to state a claim upon which relief can be granted. Plaintiff's RESPA claims against James B. Nutter & Company are likewise **DISMISSED** for failure to state a claim upon which relief can be granted.

The Court **DIRECTS** the Clerk to take all necessary steps to **TRANSFER** the

above-styled action to the United States District Court for the Middle District of Florida.

SO ORDERED this <u>19th</u> day of <u>March</u>, 2015.

<u>s/  CLARENCE COOPER</u>

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE