

CASE NO. 15-11502-C

CASE NO. 15-11489-B

15-11485.B

## UNITED STATES COURT OF APPEALS
### ELEVENTH CIRCUIT

Sherrie Hampton-Muhamed, Appellant

vs.

James B. Nutter & Co., et al., Appellee
Ronald R. Wolfe & Assocs., P.L., et al, Appellees

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
CASE NO. 1:13-cv-03659-CC

## APPELLANT'S MOTION TO STRIKE APPELLEE'S RESPONSE IN OPPOSITION TO APPELLANT'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING DUPLICATE APPEAL

Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA 30039
Phone:  (404) 786-6291
Fax:  770-978-0207
cmrsinc@comcast.net

## MOTION TO STRIKE APPELLEE'S RESPONSE IN OPPOSITION TO APPELLANT'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING DUPLICATE APPEAL

Appellant, Sherrie Hampton-Muhamed ("Ms. Hampton-Muhamed") files this reply in a Motion to Strike Appellee's response pursuant to 27(a)(4). Appellant filed a Motion for Reconsideration of Orders Dismissing Duplicate Appeals. The Motion for Reconsideration did not address the legitimacy of the appeal. The appeal had already been approved. The Appellee's filed an Opposition to Appellant's Motion for Reconsideration, which Appellant received in the U.S. Mail on **July 27**, 2015. Appellant is responding timely pursuant to FRAP 27(a)(4). This response should be stricken from the record as trespass on Appellant's contract (Annex A) with the 11th Circuit Court of Appeals and the U.S. District Court Northern Georgia, Atlanta (NDGA) (Doc 43.1). The Motion for Reconsideration is strictly between Ms. Hampton-Muhamed and the United States District Court, Eleventh Circuit (11th Circuit) Courts and was filed because dismissing both appeals was improper.

The interlocutory appeal was filed against the defendants, the District Court and the Judge for illegal acts. The alleged attorneys are third part interlopers. Appellees objection is completely disputed, as it shows Appellees intent to deceive this court. Appellees misquoted 28 USC §1404(a) as fact, leaving out "with

consent of ALL parties", depending on case law that was in effect before it was amended Dec. 7, 2011. Appellees, in another attempt to deceive the court, also misquoted the Judges orders. Appellees stated "Appellant's Notice of Appeal is concerned with two interlocutory orders:  .....(2)"Order granting Defendant's Motions to Dismiss without prejudice".  Both Motions to Dismiss were **denied** by the Order, not granted! (Doc.37 pgs. 21 and 27) "Accordingly, the Nutter Defendant's Motion should be **DENIED** as to Plaintiff's claims against Nutter & Company."

The procedural confusion inside Appellant's contract should be clarified and Ms. Hampton-Muhamed's Appeal should be reinstated.

## I.    PROCEDURAL BACKGROUND

Ms. Hampton-Muhamed is an unsophisticated consumer who filed a Complaint (for violation of federal statutes after three years of abuse, harassment and oppression along with criminal activity) in the United States District Court for the Northern District of Georgia ("NDGA") on November 5, 2013, Case No. 1:13-cv-03659-LTW-CC.  This claim was filed against James B. Nutter & Co. and their officers; and Ronald R Wolfe & Assocs. and their attorneys for suing her for a non-existent debt. **This alleged debt was never validated.**  All debt collection activity in Georgia was not halted, as required by law. Ms. Hampton-Muhamed then amended the Complaint before service was affected on all parties.  Appellees

misled the court, which the Magistrate appeared to depend on for her order. Appellees responded with Motions to Dismiss for Lack of Personal Jurisdiction, Transfer of Venue and Failure to State a Claim.

Ms. Hampton-Muhamed filed memoranda in opposition to the Motions to Dismiss. The Magistrate Judge issued a Report and Recommendations that the Amended Complaint *not* be dismissed as Appellee's counsel would lead this Court to believe. The Magistrates order (February 20, 2015) (Doc.37) stated Nutter Defendant's Motion should be **DENIED** as to Plaintiff's claims against Nutter & Company and  recommended the case be transferred to the United States District Court for the Middle District of Florida ("MDFL"). Ms. Hampton-Muhamed filed Objections to the Report and Recommendations on March 10, 2015. The Objection was based on transfer of venue or the removal to the MDFL. This is a violation of Federal Law, 28 USC 1404(a) (attached as Annex B), as the

Law requires consent of ALL parties for removal and violates 15 U.S.C. §1692 (i)(2)(B).

Ms. Hampton-Muhamed did not consent to transfer of venue. Appellant cannot consent because she is under strict doctor's orders not to travel more than thirty (30) minutes from her home (Annex C). The objection to this order went through pages of case law supporting the objection to transfer of venue (Doc. 39, pgs. 27-28, 30-33). A Non-Consent to transfer was also filed into the court. (Doc.

4

43) Ms. Hampton-Muhamed filed a timely Notice of Appeal to the NDGA on April 6, 2015, which was accepted by NDGA.  Ms. Hampton-Muhamed was given an appeal schedule (Case No. 15-11502C) including a deadline to file her appellate brief.  If Ms. Hampton-Muhamed's Interlocutory Appeal was not going to be accepted by the NDGA, then why was Ms. Hampton-Muhamed given a briefing schedule?  Further, Ms. Hampton-Muhamed was granted an extension by the NDGA to file her appeal brief.  Again, the question remains – if the NDGA was not going to accept her Interlocutory Appeal, why would an extension have been granted?

As a result of an apparent clerical error, the Appeal proceeded under two appeal numbers, Appeal No. 15-11485B (MDFL) and No. 15-11502C (NDGA).

Ms. Hampton-Muhamed contends that the MDFL never had jurisdiction to rule on the Appeal. According to Judge Whittemore's first order of May 5, 2015, (Doc.60) he stated "…"Although an interlocutory appeal does not necessarily completely divest the district court of jurisdiction such that a district court has authority to proceed forward with portions of the case not related to the claims on appeal, Plaintiff's appeal of the Order of dismissal is concerned with the entire merits of Plaintiff's claims….As such, the filing of the Notice of Appeal divested this Court of jurisdiction."

Appellant requested an extension of time for her appeal brief based on Judge

5

Whittemore's decision, presuming all issues now had to be addressed. The MDFL never should have issued an appeal no.15-11485B, since venue was proper in Georgia. Appellant received a letter dated June 10, 2015 with an attached document saying there was an order but the document was not labeled with anything about what it was, there was no signature, no Clerks name or court seal. The document looked incomplete to the appellant but she is just a consumer.

Ms. Hampton-Muhamed's Motion for Reconsideration has nothing to do with the Appellees. The Motion for Reconsideration is strictly between Ms. Hampton-Muhamed and the 11th Circuit Court of Appeals – based on clerical confusion, Ms. Hampton-Muhamed's Appeal was dismissed. Ms. Hampton-Muhamed is simply attempting to correct the clerical error and have her Appeal reinstated.

## II. THE ORDERS ARE APPEALABLE UNDER THE 11th CIRCUIT COLLATERAL ORDER DOCTRINE

Ms. Hampton-Muhamed filed an Interlocutory Appeal based on the violation of Federal Law transferring venue without consent of all parties and how it affects the parties instrumental to the case. These issues would be moot if left until final judgment is issued in the case. The transfer out of Georgia would leave Ms. Hampton-Muhamed without access to the courts.

The 11th Circuit defines the Collateral Order Doctrine in the Appellate Procedures from the Mercer Law Review:

6

*Under this doctrine, [a]n interim decision is appealable as a collateral order only if it:*

> *(1) conclusively determines the disputed question[.]*
> *(2) resolves an important issue completely separate from the merits of the action, and*
> *(3) is effectively unreviewable on appeal from a final judgment.*

*Beneficial Indus. Loan Corp., 337 U.S. 541 ('49). Cohen recognized a 'small class' of district court decisions that finally determine claims collateral to other rights asserted in the action and are too important to be deferred until the whole case is adjudicated. Id. at 546. The small class of cases defined in Cohen consists of intermediate decisions satisfying three criteria: (1) the district court's order must finally dispose of the question; (2) the issue must be completely collateral to the cause of action asserted; and (3) the decision must involve an important right that would be 'lost, probably irreparably,' if review must await final judgment. Id.*

## A. The Interim Decision is Appealable as a Collateral Order Because It Conclusively Determines the Disputed Question

The disputed question is a question of law, **28 USC 1404(a)** and **15 USC §1692i(2)(B)**. Related to this case, 15 USC §1692i(2)(B) states that *an alleged debtor can only be brought into court where the alleged debtor resides.*

Among the abusive practices that Congress intended the FDCPA to address was the "problem of 'forum abuse,' an unfair practice in which debt collectors file suit against consumers in courts which are so distant or inconvenient that consumers are unable to appear," hence permitting the debt collector to obtain a default judgment. S. Rep. No. 95-382, at 5 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699. As a result, Congress adopted venue provisions to ensure that "[a] debt collector who files suit [does] so either where the consumer resides or where the underlying contract was signed." Id.

This provision, codified in 15 U.S.C. §1692i, states in pertinent part:

(a) Venue – Any debt collector who brings any legal action on a debt against any consumer shall –

  (2) bring such action only in the judicial district or similar legal entity –

    (A) in which such consumer signed the contract sued upon; or

    (B) in which such consumer resides at the commencement of the action

Pursuant to 15 USC 1692(i)(2)(B) this proves that there is no way the MDFL would have been a proper court or a "District where it might have been brought" anyway. Ms. Hampton-Muhamed did not sign a contract with any of the Appellees. Therefore, §1692i(a)(2)(A) does not apply. The only jurisdiction Appellee is left with is to bring a debt collection activity in the judicial district where Ms. Hampton-Muhamed resides, which is the NDGA. Therefore, because Appellee can only seek to collect an alleged debt from Ms. Hampton-Muhamed in the NDGA, Ms. Hampton-Muhamed filed her FDCPA lawsuit against Appellees in the NDGA and could not and would not have filed it in the MDFL.

Appellant was diagnosed as permanently disabled by the Social Security Administration in 2007 with a permanent impairment in the ability to perform activities that are of central importance in her daily life. How can the court demand the transfer to Florida when Appellant's physicians are stating that it would be detrimental to her health and wellbeing to sit or travel more than 30 minutes from her home in Georgia? This court would need to show Ms. Hampton-Muhamed the law that would force her to defy physician orders to pursue this

action in MDFL. Transferring the case to Florida defies forum selection as delegated by Congress and enforced by the Consumer Financial Protection Bureau in consumer protection laws, as defined by FDCPA.

Furthermore, the Florida Courts do not routinely allow parties to appear telephonically. Appellant got permission from more judges than not to appear telephonically in the Florida courts, but it was dependent on each different judge. The last judge in Sarasota court was recused for discrimination and for violating Florida Statutes when requiring Appellant to do a deposition in Florida. The judge was ordering her to Florida against Florida law. This shows how critical the appeal is at this juncture. Appellant demands her rights of due process and access to the court without endangering her health in the process.

According to 125 STAT 764, 28 USC §1404(a), which became Public Law 112-63, as amended December 7, 2011 states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division **where it might have been brought** or to any district or division to **which all parties have consented**.

A suit related to debt collection cannot be brought in the MDFL, as stated above, and pursuant to 15 USC 1692(i)(2)(B) where it could not be brought. Congress put 15 USC 1692(i) into effect making it consistent throughout all of the states when dealing with alleged debt collection. Ms. Hampton-Muhamed did not sign a contract with any of the Appellees. Ms. Hampton-Muhamed *did not*

9

*consent to transfer* to the MDFL as 28 USC §1404(a), as amended December 7, 2011 states is required. The NDGA improperly transferred venue to the MDFL in violation of current law.  In Appellee's Objection to Appellants Reconsideration, the attorneys have conveniently omitted the latter part of §1404(a) as amended December 7, 2011, which states that *consent by all parties must be obtained in order to transfer venue to a district where suit could be brought.*

Ms. Hampton-Muhamed's appeal was, in part, based upon the transfer of venue to a judicial district that was not a proper district for any party to bring suit. Appellant did not consent to transferring her lawsuit as shown in the Non-Consent to Transfer Venue (Doc. 43) and in her objection to Magistrates orders (pgs.27-28,30-33 in Doc.39). Judges violated federal law transferring venue without consent, pursuant to 28 USC 1404(a) and in violation of 15 USC 1692(i)(2)(B).

However, as a result of the clerical error docketing Ms. Hampton-Muhamed's Appeal in both the NDGA and the MDFL, the NDGA improperly dismissed the Appeal as a duplicate prior to the date the appeal brief was due.

The NDGA Appeal should be reinstated because Ms. Hampton-Muhamed will lose her ability to access the court and challenge venue transfer if she waits for final disposition in the MDFL.  The issue of venue could be resolved instantly on interlocutory appeal separate from the merits of the action.

### B. The Interim Decision is an Important Issue Completely Separate From the Merits of the Action

Ms. Hampton-Muhamed's lawsuit is a suit for violations of the FDCPA and RESPA on an alleged debt that was never validated and where Appellees used a void note and mortgage to bring vexatious litigation. The merits of the case address the violations of federal law and fraud upon the court.    Appellees Motion to Dismiss argues outside the four corners of the Appellant's claim.    Appellees have consented to the allegations in Appellant's claim against them, as they brought no defenses related to the Amended Complaint.    The transfer of venue back to the appropriate District Court is just that- transfer back to the court where Congress has ruled that it should be held.    These issues don't address any of the merits - only venue in bringing proper parties to this action in the NDGA.

At this time, Ms. Hampton-Muhamed is *not* appealing anything other than transfer of venue and its effects on the parties in the case. Therefore, the interim decision is completely separate from the merits of the action and was properly accepted by the NDGA.

## C. The Interim Decision is Effectively Unreviewable if Immediate Appeal is Not Allowed

If Ms. Hampton-Muhamed waits until a final order is issued in the MDFL, she loses all access to the court and is denied due process.    Appellant's medical condition is far from the norm in these debt collection cases.    Appellant is only requesting that the court follow the law as stated and read her denial to the transfer

of venue.  It appears that the court has based its order strictly on input from alleged Appellee attorneys and disregarded Appellant's input.

If the court waits until final orders it will negate appellant's ability to challenge the transfer of venue. These issues are too important to be deferred until the entire case is adjudicated.

> *Beneficial Indus. Loan Corp., 337 U.S. 541 ('49). See above.*
> *....an erroneous denial cannot be redressed through review of the final judgment, and therefore must be reviewed on interlocutory appeal."*
>
> Per Justice Scalia:  "The importance of the right asserted has always been a significant part of our collateral order doctrine. When first formulating that doctrine in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U. S. 541 (1949), we said that it permits interlocutory appeal of final determinations of claims that are not only "separable from, and collateral to, rights asserted in the action," but also, we immediately added, "*too important* to be denied review." *Id.* at 337 U. S. 546(emphasis added). Our later cases have retained that significant requirement. For example, in *Abney v. United States,* 431 U. S. 651(1977), we said that, in order to qualify for immediate appeal, the order must involve "an *important* right which would be *lost, probably irreparably,'* if review had to await final judgment." *Id. at 431 U. S. 658 (emphasis added), quoting Cohen, supra, at 431 U. S. 546. And in Coopers & Lybrand v. Livesay, 437 U. S. 463 (1978), we said that the order must "resolve an important issue completely separate from the merits of the action." Id. at 437 U. S. 468 (emphasis added).*
> *Interlocutory appeals may be brought, however, if waiting to bring an appeal would be particularly prejudicial to the rights of one of the parties...*

Due to the unusual circumstances of Appellant's medical condition, it would be extremely prejudicial to her rights not to allow the interlocutory appeal.  Issue

of venue would not only be a violation of law, but would be moot if waiting for final judgment. Appellant would be denied access to the court, since medical orders prevent her from traveling to Florida to state her claims.   Again, Appellant has faced discrimination in the Florida courts by the judges who have not allowed her to even appear telephonically with medical orders in the record.  The Appellees have deliberately and intentionally continue to mail Appellant over and over in Georgia in their attempts to collect a non-existent debt. By Appellees errors and omissions, along with their criminal activity, Appellant has been severely damaged in Georgia and should not have to suffer any more irreparable harm.  What right is more important than access to the court and could be more harmful to Ms. Hampton-Muhamed if access is denied?   If this Court does not reconsider its decision to dismiss the interlocutory appeal due to duplicate appeals, Ms. Hampton-Muhamed will be denied due process.

## III.   CONCLUSION

Appellant has a contract with the United States Court of Appeals, 11th Circuit. The Appellees are third party interlopers and not part of the contract. Appellant's contract is for enforcement and execution of the law as written.  This appeal is a basic complaint against the judge for failure to execute the law. The failure to execute the law denied appellant of the benefits of the 11th Circuit contract for adjudication.  This is a demand to keep the contract with the NGDA

court and strike all the other pleadings by appellees and issue the mandamus to the 11th Circuit and NDGA courts now.

The 11th Circuit improperly dismissed the NDGA Interlocutory Appeal that they had already accepted. Dismissal was based on a clerical error where two appeals were created on the same Order transferring venue.  This Interlocutory Appeal was properly accepted at the onset.

Wherefore, Appellant purchased a contract with the court for enforcement of the law as written, Federal law was violated with the transfer to Florida and Appellant moves the court to reinstate the Interlocutory Appeal, Case No. 15-11502C, in the 11th Circuit, dismiss all action in the MDFL or in the alternative transfer her claim back to NDGA to preserve all of her claims and preserve judicial resources. Appellant also moves the court to strike Appellee's Response in Opposition to Motion For Reconsideration in its entirety, as this is a trespass on Appellant's contract.  Appellant is moving the court to enforce the law as written and demanding findings of fact and conclusions of law in their decision.

DATED: August 4, 2015                                    Respectfully submitted,


Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA 30039

14

Phone:  (404) 786-6291
Fax:  770-978-0207
cmrsinc@comcast.net


## VERIFICATION OF APPELLANTS REPLY

Under penalty of perjury, I declare that I am the Appellant in the above-entitled

matter, I have read the Reply to Appellee's Objection to Appellant's Motion for

Reconsideration and the facts alleged therein are true and correct to the best of my

knowledge and belief and am willing to testify under oath.

Dated this 4th day of August, 2015

Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA 30039
Phone:  404-786-6291
Fax:    770-978-0207
cmrsinc@comcast.net


## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 26.1-1

Appellant failed to include a copy of the Certificate of Interested and Corporate

Disclosure Statement in her Motion for Reconsideration as required by Local Rule

26.1-1. However, the corrected Certificate of Interested Persons filed is attached.

There are no parties that Appellant needs to remove, based on her research and

investigation, but the missing parties were added. Appellees did not support any of

their allegations related to removing the parties.

15

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused a copy of the foregoing

to be served in this matter by E-mail , Fax and/or U.S. Mail, addressed as follows:

Filed this 7th day of August , 2015.

7014 2120 0000 8987 5987

**RUMBERGER, KIRK & CALDWELL, P.A.** Certified No._____
Suzanne Barto Hill, Esquire  Florida Bar No. 0846694, *Pro Hac Vice*
shill@rumberger.com
Kevin R. Gowen, II, Esquire, Florida Bar No. 0900621, *Pro Hac Vice*
kgowen@rumberger.com
Post Office Box 1873,   Orlando, Florida 32802-1873
Telephone: (407) 872-7300     Telecopier: (407) 841-2133

U. S. District Court                      Certified No_____
Middle District of Florida Tampa Division      7014 2120 0000 8987 5970
Office of the Clerk
Suite M, Gibbons U.S. Courthouse
801 North Florida Avenue
Tampa, Florida 33602

## UNITED STATES COURT OF APPEALS, ELEVENTH CIRCUIT

And with the Clerk of Court through US Mail, Tracking
# EB 538935032 _____US, or in person,  and not
filed electronically as Plaintiff is excused from filing this document or thing
electronically by Court order.

Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA 30039
(404) 786-6291
cmrsinc@comcast.net

16

# ANNEX A

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Sherrie Hampton-Muhamed          404-786-6291

**B. E-MAIL CONTACT AT FILER (optional)**
cmrsinc@comcast.net

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA  30039

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:**  Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| The United States of America | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 950 Pennsylvania Avenue, NW | Washington | DC | 20530-0001 | USA |

**2. DEBTOR'S NAME:**  Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| UNITED STATES COURT OF APPEALS, ELEVENTH CIRCUIT | | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 56 Forsyth St.  NW | Atlanta | GA | 30303 | USA |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY):  Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| Hampton-Muhamed | Sherrie | Sharon | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 4329 Donerail Dr. | Snellville | GA | 30039 | USA |

**4. COLLATERAL:**  This financing statement covers the following collateral:

Contract entitled, Case Number 15-11502C and 15-11485B, in the United States Court of Appeals, Eleventh Circuit. Purchased on 04/06/2015, fees $505.00 paid by Secured Party's Cashier Check# 0669481345, acceptance of open general offer by the United States Court of Appeals, Eleventh Circuit to provide honest judicial services for equal application of the laws of Georgia, the laws of the United States, under the published Federal Rules of Civil Prodecure and the Federal Rules of Evidence.  Corporation debtor covers all employees or officers, inclusive of all beneficiaries to any of the corporation's acts, mandatory obligations and duties for and in compliance with the laws of the State of Georgia, laws of the United States and, in particular laws authorizing the existence of governing operations of said Corporation, 11th CIRCUIT COURT OF APPEALS, duly Accepted.
Private registered chattel property holding the value of $215,326.00.
Contract administration is guaranteed by UNITED STATES COURT OF APPEALS, ELEVENTH CIRCUIT operating under Dun# 009333956, Surety accepted as given by each court officer and employee as a perfected conditional sale contract and operations franchise for the artificial person, corporation, 11th CIRCUIT COURT OF APPEALS, 56 Forsyth St., NW, Atlanta, GA 30303  c/o Douglas J. Mincher, Clerk of Court.                    (CONTINUED ON ADDENDUM #1)

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions)   ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien   ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION** (if applicable):   ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☑ Bailee/Bailor   ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)                    International Association of Commercial Administrators (IACA)

# UCC FINANCING STATEMENT ADDENDUM
FOLLOW INSTRUCTIONS

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

9a. ORGANIZATION'S NAME

**The United States of America**

OR

9b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S)

SUFFIX

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

10a. ORGANIZATION'S NAME

OR

10b. INDIVIDUAL'S SURNAME

**Mincher**

INDIVIDUAL'S FIRST PERSONAL NAME

**Douglas**

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)

**J**

SUFFIX

**Cl Ct**

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| c/o 56 Forsyth St. NW | Atlanta | GA | 30303 | USA |

11. ☐ ADDITIONAL SECURED PARTY'S NAME or ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

11a. ORGANIZATION'S NAME

OR

| 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):

All contracts, agreements, transactional relations, wherein said corporation and secured party have or hold duties or obligations, contingent or perfected, liquidated or unliquidated, in the context of commercial legal, political business operations, intrastate or interstate.
Value of collateral ($510, 351.93) is covered by public record Doc. No. RE257902583US-AOSI-NONASI-112513-SHM-002
Account identifier use or attachment to or of properties real or chattel inclusive now on perfected instrument of obligation
Nunc pro Tunc 04/06/2015.
Applicable Law: Venue pursuant to the federal law in the State of Georgia for original jurisdiction in law and equity is ➕

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT:
☐ covers timber to be cut   ☐ covers as-extracted collateral   ☐ is filed as a fixture filing

15. Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

16. Description of real estate:

17. MISCELLANEOUS:

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (Form UCC1Ad) (Rev. 04/20/11)

# UCC FINANCING STATEMENT **ADDENDUM**
FOLLOW INSTRUCTIONS

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank
because Individual Debtor name did not fit, check here ☐

9a. ORGANIZATION'S NAME

**The United States of America**

OR

9b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

10. DEBTOR'S NAME: Provide (10a or 10b) only <u>one</u> additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name;
do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

10a. ORGANIZATION'S NAME

OR

10b. INDIVIDUAL'S SURNAME

**Mincher**

INDIVIDUAL'S FIRST PERSONAL NAME

**Douglas**

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)

**J** | SUFFIX **Cl Ct**

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **c/o 56 Forsyth St. NW** | **Atlanta** | **GA** | **30303** | **USA** |

11. ☐ ADDITIONAL SECURED PARTY'S NAME <u>or</u> ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only <u>one</u> name (11a or 11b)

11a. ORGANIZATION'S NAME

OR

| 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |
| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):

**All contracts, agreements, transactional relations, wherein said corporation and secured party have or hold duties or
obligations, contingent or perfected, liquidated or unliquidated, in the context of commercial legal, political business
operations, intrastate or interstate.
Value of collateral ($510, 351.93) is covered by public record Doc. No. RE257902583US-AOSI-NONASI-112513-SHM-002
Account identifier use or attachment to or of properties real or chattel inclusive now on perfected instrument of obligation
Nunc pro Tunc 04/06/2015.
Applicable Law: Venue pursuant to the federal law in the State of Georgia for original jurisdiction in law and equity is** ➕

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the
REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT:
☐ covers timber to be cut   ☐ covers as-extracted collateral   ☐ is filed as a fixture filing

15. Name and address of a RECORD OWNER of real estate described in item 16
(if Debtor does not have a record interest):

16. Description of real estate:

17. MISCELLANEOUS:

International Association of Commercial Administrators (IACA)
FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (Form UCC1Ad) (Rev. 04/20/11)

## UCC FINANCING STATEMENT **ADDENDUM**
FOLLOW INSTRUCTIONS

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

9a. ORGANIZATION'S NAME

**The United States of America**

OR

9b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S)                    SUFFIX

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

10. DEBTOR'S NAME: Provide (10a or 10b) only <u>one</u> additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

10a. ORGANIZATION'S NAME

OR

10b. INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)                    SUFFIX

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

11. ☐ ADDITIONAL SECURED PARTY'S NAME   or   ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only <u>one</u> name (11a or 11b)

11a. ORGANIZATION'S NAME

OR

| 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):

administered through governing principles codified at PL-112-63, 125 STAT 764 and 120 Stat 2004. This Contract guaantees enforcement of the law. Judicial Courts of record final arbitration, Admiralty/Maritime Jurisdiction are barred absent consent to and recognition of said jurisdictions by secured party under bona fide signature. Secured Party, Sherrie (Sharon) Hampton-Muhamed, state Citizen, grantor, bailor, beneficiary, creditor is the source and authority of all political, legal, or commercial powers within the original jurisdiction, identified herein for all operations within the venue identified herein.        (CONTINUED ON ADDENDUM #3)

⊞

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT:
☐ covers timber to be cut    ☐ covers as-extracted collateral    ☐ is filed as a fixture filing

15. Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

a

16. Description of real estate:

17. MISCELLANEOUS:

# UCC FINANCING STATEMENT ADDENDUM
FOLLOW INSTRUCTIONS

**9. NAME OF FIRST DEBTOR:** Same as line 1a or 1b on Financing Statement; if line 1b was left blank
because Individual Debtor name did not fit, check here ☐

**9a. ORGANIZATION'S NAME**

### The United States of America

OR

**9b. INDIVIDUAL'S SURNAME**

**FIRST PERSONAL NAME**

**ADDITIONAL NAME(S)/INITIAL(S)**          SUFFIX

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

**10. DEBTOR'S NAME:** Provide (10a or 10b) only <u>one</u> additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

**10a. ORGANIZATION'S NAME**

OR

**10b. INDIVIDUAL'S SURNAME**

**INDIVIDUAL'S FIRST PERSONAL NAME**

**INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)**          SUFFIX

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

**11.** ☐ **ADDITIONAL SECURED PARTY'S NAME** *or* ☐ **ASSIGNOR SECURED PARTY'S NAME:** Provide only <u>one</u> name (11a or 11b)

**11a. ORGANIZATION'S NAME**

OR

| 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

**12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):**
Judicial court of record final arbitration, Admiralty/Maritime jurisdiction are barred absent consent to and recognition of said jurisdictions by secured party under bona fide signature.
Secured Party, Sherrie (Sharon) Hampton-Muhamed, state Citizen, grantor, bailor, beneficiary, creditor is the source and authority of all political, legal, or commercial powers within the original jurisdiction, identified herein for all operations within the venue identified herein. Exemption by operation of law perfected pursuant to original Constitution of the State of Georgia, 1789 ConstitutionArticle I, Section 29.    (CONTINUED ON ADDENDUM #4)

| 13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable) | 14. This FINANCING STATEMENT: ☐ covers timber to be cut   ☐ covers as-extracted collateral   ☐ is filed as a fixture filing |
|---|---|
| 15. Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest): | 16. Description of real estate: |

**17. MISCELLANEOUS:**

# UCC FINANCING STATEMENT **ADDENDUM**

FOLLOW INSTRUCTIONS

| 9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐ |
|---|

| 9a. ORGANIZATION'S NAME |
|---|
| **The United States of America** |

OR

| 9b. INDIVIDUAL'S SURNAME |
|---|
| FIRST PERSONAL NAME |
| ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

10. DEBTOR'S NAME: Provide (10a or 10b) only _one_ additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

| 10a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

OR

| 10b. INDIVIDUAL'S SURNAME | | | | |
|---|---|---|---|---|
| INDIVIDUAL'S FIRST PERSONAL NAME | | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | | SUFFIX |
| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

11. ☐ ADDITIONAL SECURED PARTY'S NAME  or  ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only _one_ name (11a or 11b)

| 11a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| 11c. MAILING ADDRESS | CITY | STATE  POSTAL CODE | COUNTRY |

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):

**Pass Thru Identifier, Dun#009333956, and all associated identifiers, attaching all and any value held under said identifier secured by this instrument, publicrecord, public law duly perfected security on filing.**

**Amount due and owing $979,111.93 sum certain.**

**Without recourse, all rights reserved** _Denise (Sharon)Hempton . Muhimed_ **August 4, 2015**

| 13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS  (if applicable) | 14. This FINANCING STATEMENT:  ☐ covers timber to be cut  ☐ covers as-extracted collateral  ☐ is filed as a fixture filing |
|---|---|
| 15. Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest): | 16. Description of real estate: |

17. MISCELLANEOUS:

International Association of Commercial Administrators (IACA)
FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (Form UCC1Ad) (Rev. 04/20/11)

# ANNEX B

§ 1404                    TITLE 28—JUDICIARY AND JUDICIAL PROCEDURE                    Page 368

See, also, section 1392 of this title which fixes venue of an action involving property in different districts in the same State.

## § 1404. Change of venue

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

(b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

(c) A district court may order any civil action to be tried at any place within the division in which it is pending.

(d) Transfers from a district court of the United States to the District Court of Guam, the District Court for the Northern Mariana Islands, or the *District Court of the Virgin Islands shall not be permitted* under this section. As otherwise used in this section, the term "district court" includes the District Court of Guam, the *District Court for the Northern Mariana Islands,* and the District Court of the Virgin Islands, and the term "district" includes the territorial jurisdiction of each such court.

(June 25, 1948, ch. 646, 62 Stat. 937; Pub. L. 87–845, §9, Oct. 18, 1962, 76A Stat. 699; Pub. L. 104–317, title VI, §610(a), Oct. 19, 1996, 110 Stat. 3860; Pub. L. 112–63, title II, §204, Dec. 7, 2011, 125 Stat. 764.)

### HISTORICAL AND REVISION NOTES

Based on title 28, U.S.C., 1940 ed., §§119, 163 (Mar. 3, 1911, ch. 231, §58, 38 Stat. 1103; Sept. 3, 1916, ch. 475, §5, 39 Stat. 851).

Section consolidates sections 119 and 163 of title 28, U.S.C., 1940 ed., with necessary changes in phraseology and substance.

Section 119 of title 28, U.S.C., 1940 ed., related only to transfer of cases from one division to another on stipulation of the parties.

Subsection (a) was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper. As an example of the need of such a provision, see *Baltimore & Ohio R. Co. v. Kepner,* 1941, 62 S.Ct. 6, 314 U.S. 44, 86 L.Ed. 28, which was prosecuted under the Federal Employers' Liability Act in New York, although the accident occurred and the employee resided in Ohio. The new subsection requires the court to determine that the transfer is necessary for convenience of the parties and witnesses, and further, that it is in the interest of justice to do so.

Sections 143, 172, 177, and 181 of title 28, U.S.C., 1940 ed., relating to the district courts of Arizona, Montana, New Mexico, and Ohio, contained special provisions similar to subsection (b), applicable to those States. To establish uniformity, the general language of such subsection has been drafted and the special provisions of those sections omitted.

Subsection (b) is based upon section 163 of title 28, U.S.C., 1940 ed., which applied only to the district of Maine. This revised subsection extends to all judicial districts and permits transfer of cases between divisions. Criminal cases may be transferred pursuant to

Rules 19–21 of the new Federal Rules of Criminal Procedure, and the criminal provisions of said section 163 are therefore omitted.

### AMENDMENTS

2011—Subsec. (a). Pub. L. 112–63, §204(1), inserted "or to any district or division to which all parties have consented" before period at end.

Subsec. (d). Pub. L. 112–63, §204(2), substituted "Transfers from a district court of the United States to the District Court of Guam, the District Court for the Northern Mariana Islands, or the District Court of the Virgin Islands shall not be permitted under this section. As otherwise used in this section," for "As used in this section,".

1996—Subsec. (d). Pub. L. 104–317 amended subsec. (d) generally. Prior to amendment, subsec. (d) read as follows: "As used in this section, 'district court' includes the United States District Court for the District of the Canal Zone; and 'district' includes the territorial jurisdiction of that court."

1962—Subsec. (d). Pub. L. 87–845 added subsec. (d).

### EFFECTIVE DATE OF 2011 AMENDMENT

Amendment by Pub. L. 112–63 effective upon the expiration of the 30-day period beginning on Dec. 7, 2011, and applicable to any action commenced in a United States district court on or after such effective date, and to any action removed from a State court to a United States district court that had been commenced, within the meaning of State law, on or after such effective date, see section 205 of Pub. L. 112–63, set out as an Effective Date note under section 1390 of this title.

### EFFECTIVE DATE OF 1996 AMENDMENT

Pub. L. 104–317, title VI, §610(c), Oct. 19, 1996, 110 Stat. 3861, provided that: "The amendments made by this section [amending this section and section 1406 of this title] apply to cases pending on the date of the enactment of this Act [Oct. 19, 1996] and to cases commenced on or after such date."

### EFFECTIVE DATE OF 1962 AMENDMENT

Amendment by Pub. L. 87–845 effective Jan. 2, 1963, see section 25 of Pub. L. 87–845, set out as a note under section 414 of this title.

## § 1405. Creation or alteration of district or division

Actions or proceedings pending at the time of the creation of a new district or division or transfer of a county or territory from one division or district to another may be tried in the district or division as it existed at the institution of the action or proceeding, or in the district or division so created or to which the county or territory is so transferred as the parties shall agree or the court direct.

(June 25, 1948, ch. 646, 62 Stat. 937.)

### HISTORICAL AND REVISION NOTES

Based on title 28, U.S.C., 1940 ed., §121 (Mar. 3, 1911, ch. 231, §59, 36 Stat. 1103).

Enforcement of liens in like circumstances is provided by section 1656 of this title.

Remainder of section 121 of title 28, U.S.C., 1940 ed., is incorporated in section 3240 of revised title 18, Crimes and Criminal Procedure (H.R. 1600, 80th Cong.).

Changes were made in phraseology.

## § 1406. Cure or waiver of defects

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

# ANNEX C

# DeKalb Medical Physicians Group

## Rockbridge Family Medicine

## Office Visit Date: 04/15/14

04/15/2014

To whom it may concern:

Regarding:

Sharon Hampton, DOB: 08/05/1950
4329 Donerail Dr
Snellville, GA 30039-

Dear Sir or Madam,

Mrs. Hampton-Muhammed has been a patient of mine during the past four years. She suffers from chronic pain due to injured nerves in her back as well as several chronic medical conditions. In my opinion she is medically incapable of making a car trip of over 1/2 hour without risk of seriously worsening her chronic pain condition.

Sincerely,

Provider: Thomas Parrott MD   04/15/2014

Thomas Parrott MD
1192 Rockbridge Rd Ste A
Stone Mountain GA, 30087-2923
Telephone: (770)925-2010  Fax: (770)925-1665

Electronically Signed By: Thomas Parrott MD 04/15/2014 03:04 PM
Document generated by: Thomas Parrott 04/15/2014 03:04 PM

### Rockbridge Family Medicine

### Office Visit Date: 07/15/14

07/15/2014

To Whom it may Concern:

Regarding:

Sharon Hampton, D DOB: 8/5/1950
4329 Donerail Dr
Snellville, GA 30039-

Dear Sir or Madam:

Sharon has been my patient during the last 4 1/2 years. She has a severe nerve injury in the lower back which is aggravated with prolonged sitting, such as that involved in car travel over 30 minutes at a time. To travel more than this amount of time away from home would be contraindicated for medical reasons.

Sincerely,

Provider: Thomas Parrott MD 07/15/2014 03:23 PM

Thomas Parrott MD
1192 Rockbridge Rd Ste A
Stone Mountain GA, 30087-2923
Telephone: (770)925-2010  Fax: (770)925-1665

Electronically Signed By: Thomas Parrott MD 07/15/2014 03:23 PM
Document generated by: Thomas Parrott 07/16/2014 03:23 PM

Case No. 15-11485 and 15-11502C

---

## UNITED STATES COURT OF APPEALS
## ELEVENTH CIRCUIT

---

Sherrie Hampton-Muhamed,
Plaintiff/Appellant,

v.

JAMES B NUTTER & COMPANY, et al;
RONALD R. WOLFE & ASSOC., P.L., et al;
JOHN DOES 1-20,
Defendants/Appellees.

---

On Appeal from the
United States District Court for the Northern District of Georgia
Case No: 1:13-CV-3659-CC

---

## CERTIFICATE OF INTERESTED PARTIES

---

Sherrie Hampton-Muhamed
4329 Donerail Dr.
Snellville, GA  30039
(404) 786-6291
cmrsinc@comcast.net

1

## APPELLANT'S CERTIFICATE OF INTERESTED PARTIES

The Plaintiff/Appellant, Sherrie Hampton-Muhamed, certifies that the following is a complete list of the trial judge, attorneys, associations of persons, firms, partnerships or corporations known to her that could have an interest in the outcome of this case as defined by 11th Cir. Local Rule 26.1-1:

**Name: Role in Case:**

Anthousis, Julie  - Attorney for Ronald R. Wolfe & Assocs., Defendant and Appellee

Bank One Trust Company, N.A.

Barto Hill, Suzanne - Attorney for Defendants and Appellees, Member of Rumberger, Kirk & Caldwell Law Firm

Cooper, Clarence- Senior District Judge United States District Court of Northern District of Georgia

Croteau, Amanda – Attorney with Ronald R. Wolfe & Assocs. , Defendant and Appellee

Ellis, Damon M.– Attorney for Ronald  R. Wolfe & Assocs. , Defendant and Appellee

Federal Housing Administration

GNMA REMIC TRUST 2003-099

Government  National Mortgage Association

Gowen, Kevin Richard – Attorney for Defendants and Appellees, Member of Rumberger, Kirk & Caldwell Law Firm

Hampton-Muhamed, Sherrie -Plaintiff and Appellant

Hannon, Frances- Attorney for Ronald R. Wolfe & Assocs., Defendant and Appellee

Holley, William J. II- Attorney for Wolfe Defendants , Member of Rumberger, Kirk & Caldwell

Hummel, Brian R.- Attorney for Ronald R. Wolfe & Assocs., Defendant and Appellee

Huey, Bruce – Vice President of James B Nutter & Co., Defendant and Appellee

Ivanov, Ivan – Attorney for Ronald R. Wolfe & Assocs., Defendant and Appellee

James B Nutter and Company, Defendant and Appellee

JP Morgan Chase Bank

JP Morgan Securities, Inc.,  name change to JP Morgan Securities, LLC, subsidiary of JP Morgan Chase & Co.

Jones, Victoria S. - Attorney for Ronald R. Wolfe & Assocs., Defendant and Appellee

Lewis, Rhonda K. – Attorney for Ronald R. Wolfe & Assocs., Defendant and Appellee

Marks, Matthew – Attorney for Ronald R. Wolfe & Assocs., Defendant and Appellee

McCaffrey, William – Securitization Analyst

Moravecky, Sabrina - Attorney for Ronald R. Wolfe & Assocs., Defendant and Appellee

Nutter, James B. Jr.- CEO James B Nutter & Co., Defendant and Appellee

Phillips, John J. - Attorney for Ronald R. Wolfe & Assocs., Defendant and Appellee

Pidala, Andrea D. - - Attorney for Ronald R. Wolfe & Assocs., Defendant and Appellee

Pitzner, Al – Vice President of Compliance for James B Nutter & Co., Defendant and Appellee

Ronald R. Wolfe & Associates, P.L., Defendant and Appellee

Rosenkoff, Matthew R.- Attorney for Nutter Defendants, Member of Taylor, English Duma LLP

Rumberger, Kirk & Caldwell Law Firm for Appellees and Defendants

Schildhammer, Ann Reinhard- Attorney for Nutter Defendants, Member of Taylor, English Duma LLP

Schneider, Robert F.- Attorney for Ronald R. Wolfe & Assocs., Defendant and Appellee

Tilka, Katherine R.- Attorney for Ronald R. Wolfe & Assocs., Defendant and Appellee

Ugaz, Luis F. - Attorney for Ronald R. Wolfe & Assocs., Defendant and Appellee

United States Housing and Urban Development

Walker, Linda T., Magistrate Judge United States District Court of Northern District of Georgia

Ward, Keith, CFO of James B Nutter & Co., Defendant and Appellee

Whittemore, James D. – U.S. District Judge,  United States District Court, Middle District of Florida, Tampa

Wolf, Matthew D. - Attorney for Ronald R. Wolfe & Assocs., Defendant and Appellee

Wolfe, Ronald R.- Attorney for Ronald R. Wolfe & Assocs., Defendant and Appellee

3

Zweigel, Scott Eric – Attorney for Defendants, Member of Rumberger, Kirk & Caldwell Law Firm

Respectfully resubmitted this 4th day of August, 2015,

All Rights Retained Without Prejudice
Without Recourse
Respectfully submitted,

Sherrie Hampton-Muhamed
4329 Donerail Dr.,
Snellville, GA 30039
(404) 786-6291
cmrsinc@comcast.net

4